UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOMECO, LLC,

              Plaintiff,

              v.

PERCH ACQUISITION CO 17, LLC and WHELE LLC,

              Defendants.

Civil Action No. ____

**Complaint**

Plaintiff HomeCo, LLC ("HomeCo"), by its attorneys, Dorsey & Whitney LLP, for its Complaint against Defendants Perch Acquisition Co 17, LLC ("Perch") and Whele LLC ("Whele") (together, "Defendants" or the "Perch Entities"), states as follows:

## INTRODUCTION

1.     This action arises out of Defendants' willful breach of an asset purchase agreement, dated June 17, 2021, between Perch and Whele, on one hand, and HomeCo, Aaron Katz, and Schmiley Schick, on the other (the "APA").

2.     The APA required Perch to pay certain additional post-closing amounts to HomeCo (each, a "Stability Payment," and collectively, the "Stability Payments") based on a calculation EBITDA generated by the assets Perch purchased pursuant to the APA (the "Acquired Assets EBITDA").  Specifically, Perch was required to pay HomeCo $6,250,000 for each of four 6-month measurement periods ("Measurement Period") if the Acquired Assets EBITDA exceeded certain amounts in each Measurement Period.

3.     A related provision of the APA required Perch to deliver to HomeCo a statement setting forth in reasonable detail Perch's calculation of the Acquired Assets EBITDA and

applicable post-closing payment (the "Estimated Earn-Out Statement") within thirty (30) days

following each of the 6-month Measurement Periods.

4.      The first Measurement Period ended on December 31, 2021.  Accordingly, Perch

was required to deliver the Estimated Earn-Out Statement for the period July 1, 2021 through

December 31, 2021 (the "First Measurement Period") by January 30, 2022.

5.      Perch, however, failed to provide that Estimated Earn-Out Statement to HomeCo

until April 13, 2022, and then only after HomeCo had retained outside legal counsel and

threatened Perch with litigation.

6.      To add insult to injury, even after Perch belatedly admitted (over half a year late)

that it did in fact owe HomeCo a Stability Payment for the First Measurement Period, Perch

refused to pay HomeCo the Stability Payment HomeCo is owed.

7.      Pursuant to Section 6.10 of the APA, Whele, Perch's parent company,

unconditionally guaranteed Perch's full and complete performance of all its obligations under the

APA.  Moreover, Whele is also liable for any breach of the APA by Perch.  Accordingly, Whele

is also liable to HomeCo for Perch's breaches.

8.      As a result of Perch's breach of the APA, HomeCo has suffered at least $6,250,000

million in damages, as well as interest for the period during which Perch has failed to pay.

**PARTIES, JURISDICTION AND VENUE**

9.      Plaintiff HomeCo is a New Jersey limited liability company with its principal

place of business located at 2250 59 Street, 5th Floor, Brooklyn, New York 11204.  HomeCo has

two members, both of whom are individual persons who are citizens of the State of New York.

10.      Upon information and belief, Perch is a Delaware limited liability company with

its principal place of business located at 222 Berkeley Street, 8th Floor, Boston, Massachusetts

02116.  Upon information and belief, Perch has one member, Whele, which is also a Delaware limited liability company.

11.     Upon information and belief, Whele is a Delaware limited liability company with its principal place of business located at 222 Berkeley Street, 8th Floor, Boston, Massachusetts 02116.  Upon information and belief, Whele's members are not citizens of the State of New York.

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Defendants are bound by the jurisdictional and venue provision of the APA, which states that each of the parties submits to the exclusive jurisdiction of "any state or federal court sitting in the State and City of New York in any action or proceeding arising out of or relating to" the APA.  APA, § 10.12.

14.     Venue is proper by virtue of the venue provision in the APA.

**RELEVANT FACTS**

A.     <u>**The Parties and the APA**</u>

15.     HomeCo is a manufacturer and supplier of housewares, household goods, toys, and other items.

16.     Upon information and belief, Perch was formed for the purpose of purchasing and operating Amazon third-party sellers, including HomeCo.

17.     Upon information and belief, Whele is a commerce company that acquires and operates Amazon third-party sellers.  Whele is the parent company of Perch.

18.     Beginning in early 2021, HomeCo and Defendants began negotiating a purchase

by Perch of substantially all of HomeCo's assets.

19.     On June 17, 2021, the parties executed the APA, pursuant to which Perch purchased from HomeCo certain "Acquired Assets," as that term is defined in Article IX of the APA, for an initial purchase payment.  APA, § 1.1; *id.*, Article IX.  *Id.*, § 1.3.

20.     In addition, the APA provided that Perch was to pay HomeCo certain post-closing Stability Payments depending on the success of the acquired business.  *Id.*, § 1.4; *id.*, Schedule A.  The Stability Payments are to be made if the Acquired Assets EBITDA, as defined in Section I of Schedule A, exceeds certain amounts in each of four 6-month measurement periods.  Each Stability Payment is to total $6,250,000, minus any Excess Advertising Cost Amount (as that term is defined in Section I(l) of Schedule A to the APA).

21.     The First Measurement Period begins on July 1, 2021 and ends on December 31, 2021.  Perch is required to make a first Stability Payment following the First Measurement Period if the aggregate Acquired Assets EBITDA for that period exceeds $6,820,000.  *Id.*, Schedule A, Section I.

22.     Section II of Schedule A to the APA sets forth the payment procedures and conditions for the Stability Payments.  Section II(a) provides in relevant part that "[n]o later than thirty calendar days following each of Measurement Period, [Perch] shall deliver or cause to be delivered to [HomeCo] a statement (each, an "Estimated Earn-Out Statement") setting forth in reasonable detail [Perch]'s calculation of the Acquired Assets EBITDA and the applicable amount of the Stability Payment."

23.     Following receipt of each Estimated Earn-Out Statement, HomeCo then has thirty calendar days to review such statement (the "Earn-Out Review Period"), and Perch is required to permit HomeCo to have "reasonable access to the books, records and other documents used in

connection with the preparation of the Estimated Earn-Out Statement and the components." *Id.*, Section II(b).

24.     If HomeCo disagrees with Perch's computation set forth in the Estimated Earn-Out Statement, HomeCo may deliver an Objection Notice to Perch during the Earn-Out Review Period.  *Id.*, Section II(c).  The parties then have a 15-day Earn-Out Negotiation period (which may be extended by mutual agreement) to reach an agreement on the disputed items relating to the Stability Payment.  *Id.*, Section II(d).

25.      If, at the end of the Earn-Out Negotiation Period, the parties are still unable to resolve their dispute, they may refer their disagreements to an mutually agreeable independent accounting firm to act as a Neutral Auditor.  *Id.*, Section II(e).  The decision of the Neutral Auditor is final and binding on both parties.  *Id.*

26.     The APA also includes a mandatory forum provision, pursuant to which each of the parties submits to the exclusive jurisdiction of "any state or federal court sitting in the State and City of New York in any action or proceeding arising out of or relating to" the APA.  APA, § 10.12.

27.     Finally, Section 6.10 of the APA, titled "Parent Guaranty," provides that:

> Parent unconditionally and irrevocably guarantees the full and complete performance of any and all such obligations of [Perch] under this Agreement, including, without limitation, obligations under Section 1.4, Section 6.7 and Schedule A, and Parent shall be liable for any breach of any agreement, covenant or obligation of [Perch] under this Agreement. Parent shall cause [Perch] to take all actions required of it pursuant to the terms of this Agreement, and Parent agrees to take all actions necessary to cause [Perch] to perform all of its agreements, covenants and obligations under this Agreement.

APA, § 6.10; Article IX, Definitions (defining Whele as "Parent").

**B.**     **Defendants Breach the APA by Failing to Make a Stability Payment to HomeCo**

28.     The First Measurement Period ended on December 31, 2021.  Accordingly, Perch

was required to deliver to HomeCo an Estimated Earn-Out Statement for the First Measurement

Period by January 30, 2022.

29.     Despite being required to deliver Estimated Earn-Out Statement for the First

Measurement Period by January 30, 2022, Perch failed to do so.  Indeed, even though HomeCo

repeatedly requested that Perch provide it with the Estimated Earn-Out Statement, Perch simply

ignored HomeCo's demands that Perch comply with the APA.

30.     As a result of Perch's failure to deliver the Estimated Earn-Out Statement,

HomeCo was forced to retain outside legal counsel to advocate on its behalf.  On April 6, 2022,

HomeCo's attorneys sent a letter to Perch and its counsel demanding that Perch comply with the

APA by delivering the Estimated Earn-Out Statement for the First Measurement Period, and

threatening to seek judicial relief if Perch persisted in refusing to honor its contractual

commitments.

31.     Faced with a threat of legal action, Perch finally responded on April 13, 2022 (*i.e.*,

two and a half months after the Estimated Earn-Out Statement was due) by sending HomeCo the

Estimated Earn-Out Statement for the First Measurement Period.  On the same day, Perch sent

HomeCo a Notice of Claim seeking indemnification pursuant to Section 7.3(b) of the APA in the

amount of $473,957.50.

32.     Although Perch should have known that the aggregate Acquired Assets EBITDA

for the First Measurement Period exceeded $6,820,000, Perch's Estimated Earn-Out Statement

claimed that EBITDA for the business during the First Measurement Period was only

$6,313,973, and that HomeCo was therefore not entitled to a Stability Payment.

33.     While HomeCo was not privy to all the information in Perch's possession (and many of its requests for additional information were rebuffed by Perch), it was clear to HomeCo based upon the available information that the aggregate Acquired Assets EBITDA for the First Measurement Period exceeded $6,820,000.  Accordingly, on April 15, 2022, HomeCo sent Perch a letter in which HomeCo expressed concerns about various calculations in the Estimated Earn-Out Statement and also requested certain books and records pursuant to Section II(b) to Schedule A to the APA.

34.     In response, on April 23, 2022, Perch sent HomeCo a Revised Estimated Earn-Out Statement for the First Measurement Period in which Perch claimed that the Acquired Assets EBITDA for the First Measurement Period was even lower - $6,230,952.

35.     On May 3, 2022, HomeCo responded to Perch's Notice of Claim for indemnification by disputing that Perch was entitled to any indemnification from HomeCo. Thereafter, on June 1, 2022, counsel for the parties engaged in a meet-and-confer regarding this dispute.  During that meeting, Perch's counsel promised to provide HomeCo with documentary support for Perch's indemnification claims.  To date, however, Perch has failed to provide any documentary or other evidence supporting its claims to indemnification.

36.     On May 11, 2022, HomeCo sent Perch an Objection Notice, including an Excel spreadsheet showing that the Acquired Assets EBITDA for the First Measurement Period was $7,288,042 (*i.e.*, approximately $468,000 over the threshold to qualify for a Stability Payment).

37.     On May 16, 2022, HomeCo sent Perch a supplemental Objection Notice with an Excel spreadsheet reflecting a small number of minor corrections to HomeCo's calculations, and showing an Acquired Assets EBITDA for the First Measurement Period of $7,067,864.  In addition to the revised calculation, HomeCo also added certain explanations requested by Perch

and sent Perch a separate Excel file with additional information regarding data sources. HomeCo also repeated its previous request for a video-conference between the parties and their accountants to discuss their respective calculations.

38.     After HomeCo sent Perch another letter on May 20, 2022, requesting a video-conference, the parties and their accountant finally had a video-conference on May 25, 2022.  In letters to Perch dated May 26 and May 27, 2022, HomeCo requested a follow-up video-conference, as well as the precise calculations for certain line items in Perch's Estimated Earn-Out Calculation.

39.     On June 2, 2022, the parties, their attorneys, and their accountants had a follow-up video-conference.  During that video-conference, HomeCo explained that Perch's calculations needed to be adjusted with respect to certain postage and freight fees, and requested that Perch provide it with a revised calculation.  Over the next two months, although HomeCo repeatedly requested that Perch provide it with the revised calculation, Perch failed to do so.

40.     Beginning on or about June 20, 2022, the parties began engaging in confidential settlement discussions.  To date, however, the parties have not been able to reach a resolution.

41.     During the time in which the parties were discussing settlement, HomeCo continued to assert that it was owed the Stability Payment for the First Measurement Period.  In that regard, on July 22, 2022, HomeCo sent Perch a letter demanding payment or HomeCo would submit this dispute to a Neutral Auditor, the accounting firm KPMG, that Perch had previously proposed.

42.     On August 1, 2022, HomeCo contacted KPMG and began the Neutral Auditor process.  On August 8, 2022, KPMG provided the parties with a draft engagement letter. HomeCo provided comments on that engagement letter on August 10, 2022.

43.     When Perch failed to provide any comments to the KPMG draft engagement letter, HomeCo sent Perch a letter on August 18, 2022, demanding that Perch comply with the Neutral Auditor procedure under the APA.  Shortly after receiving that letter, Perch's counsel informed HomeCo's counsel in a telephone conversation that Perch was conceding that HomeCo was owed the Stability Payment for the First Measurement Period (minus the claimed indemnification amounts) and that the parties did not need to engage the Neutral Auditor.

44.     Following that conversation, HomeCo's counsel followed up in writing, memorializing the oral discussion and requesting that Perch inform HomeCo when it should expect payment of the $6,250,00 Stability Payment.  In response, Perch's counsel confirmed in writing that Perch agreed it owed HomeCo the $6,250,00 Stability Payment less the claimed indemnification amounts but that nonetheless Perch would not be making any payments to HomeCo.  In effect, Perch's own attorneys have admitted that Perch is in breach of the APA.

45.     As a result of Perch's willful and bad faith breach of the APA in failing to pay HomeCo a Stability Payment for the First Measurement Period, HomeCo has suffered at least $6,250,000 million in damages plus interest.

46.     Moreover, pursuant to Section 6.10 of the APA, Whele is liable for all breaches of the APA by Perch.  Accordingly, Whele is also liable to HomeCo for the breaches set forth above.

## **FIRST CAUSE OF ACTION**

### *Breach of Contract*

47.     HomeCo incorporates the preceding paragraphs as though fully set forth herein.

48.     The APA is a valid contract between Defendants and HomeCo.

49.     HomeCo performed all of its obligations under the APA.

50.    Perch breached Schedule A of the APA by failing to pay HomeCo a Stability Payment for the First Measurement Period, even though Perch itself has admitted that it owes HomeCo that Stability Payment.

51.    Such breach has caused HomeCo to suffer at least $6,250,000 million in damages, as well as interest for the period during which Perch has refused to pay what it owes.

52.    Pursuant to Section 6.10 of the APA, Whele is liable to HomeCo for any breach of the APA by Perch.

53.    As a consequence of Defendants' breach, HomeCo is entitled to recover damages, in an amount to be awarded at trial, in an amount no less than $6,250,000 million, together with interest, costs and such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, HomeCo prays for the following relief:

(a)    That judgment be entered in favor of HomeCo on its cause of action pleaded herein.

(b)    That HomeCo be awarded damages in an amount to be proven at trial, but in an amount no less than $6,250,000 million, together with pre-judgment and post-judgment interest thereon.

(c)    Legal fees and costs.

(d)    That the Court grant such other and further relief as it shall deem just and proper.

DATED: August 30, 2022

DORSEY & WHITNEY LLP

By: /s/ *Kaleb McNeely*
     Kaleb McNeely
     51 West 52nd Street
     New York, New York 10019
     Tel.:  212-415-9200
     mcneely.kaleb@dorsey.com

*Attorneys for Plaintiff HomeCo, LLC*